IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM BURCH, JR.,                )
                                   )
                    Petitioner,    )
                                   )    1:12CV691
            v.                     )    1:99CR19-1
                                   )
UNITED STATES OF AMERICA,          )
                                   )
                    Respondent.    )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner William Burch, Jr., a federal prisoner, brings a Motion [Doc. #38] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] Petitioner was convicted in this Court of one count of possession with intent to distribute cocaine base within 1,000 feet of a school in violation of 21 U.S.C. §§ 860 and 841(a)(1) and (b)(1)(B) and one count of possession of a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He received a sentence of 324 months imprisonment and eight years of supervised release for the drug offense based on his status as a career offender under USSG § 4B1.1 and a sentencing enhancement under 21 U.S.C. § 851 supported by an Information of Prior Conviction [Doc. #9] filed by the Government. He also received a concurrent sentence of 324 months of

---

[1] At the time Petitioner filed his Motion, he also filed an Application [Doc. #39] seeking to proceed *in forma pauperis* and a Motion [Doc. #40] seeking an appointment of counsel. These remain pending on the docket, but will now be denied. There is no filing fee associated with a § 2255 Motion, so the Application is unnecessary. As for the request for counsel, the Court later appointed counsel, which moots that request.

imprisonment and five years of supervised release for the firearm offense based on his status as an Armed Career Criminal under § 924(e).

In Petitioner's original Motion, he raised a single claim asserting that his sentences were no longer valid following <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), because "five state court prior convictions can no longer be used for purposes of federal sentencing enhancement because those convictions did not exceed 12 months of imprisonment." (Motion, § 12, Ground One.) The Motion did not clearly specify whether Petitioner attacked his status as a career offender, as an Armed Career Criminal, or both. The Government filed a Motion to Dismiss [Doc. #43] challenging the merits of the Motion, raising time bar as an affirmative defense, and contending that the Court lacked jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous § 2255 Petition and had not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). It also stated that Petitioner remained both a career offender and Armed Career Criminal following <u>Simmons</u>.

Following the filing of the Motion to Dismiss, Petitioner filed a Motion to Supplement [Doc. #51] seeking to add a claim that his sentencing enhancement under § 851 is invalid because, following <u>Simmons</u>, the predicate drug conviction listed in the Information of Prior Conviction no longer qualifies as a felony conviction. The Court held the case in abeyance pending Fourth Circuit resolution of these issues, and then ordered further briefing in light of <u>United States v. Wheeler</u>, 886 F.3d 415 (4th Cir. 2018), <u>cert. denied</u>, ___ U.S. ___, 139 S. Ct. 1318 (2019), and <u>United States v. Newbold</u>, 791 F.3d 455 (4th Cir. 2015). Respondent filed a Supplemental Response [Doc. #71] in which it conceded that Petitioner would no longer be

an Armed Career Criminal following Simmons and Newbold. It also agreed that the Court could consider Petitioner's challenge to the Armed Career Criminal enhancement under Wheeler. Therefore, it withdrew its assertion of its defenses as to this claim and agreed that the claim could be considered on its merits. However, it continues to oppose relief on Petitioner's other claims. The Court will now recommend that the prior stay be lifted and will consider all of Petitioner's claims.

Turning first to Petitioner's challenge to the Armed Career Criminal enhancement, under 18 U.S.C. § 924(e), an Armed Career Criminal 15-year mandatory minimum sentence applies if a person violates 18 U.S.C. § 922(g) as a felon in possession of a firearm and has three previous convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e). A qualifying crime is a serious drug offense for purposes of 18 U.S.C. § 924(e) if it is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance" and is a crime "for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A).

Here, the Presentence Report lists the basis for Petitioner's Armed Career Criminal enhancement as convictions for felony possession of cocaine and felony possession with intent to distribute heroin and cocaine obtained in Durham County, North Carolina, on February 11, 1993 and convictions for felony sell and deliver cocaine and heroin obtained in Durham County on April 1, 1993. (Presentence Report ¶¶ 18, 39, 40.) The Government now concedes that some of these predicate convictions are not proper ACCA predicates in light of Simmons, as interpreted in Newbold. The state court judgments reveal that Petitioner faced

3

a presumptive term of two years for the possession of cocaine conviction and three years for the other convictions. (Motion to Dismiss, Ex. 5-7.) He also faced theoretical maximum sentences of five years for the possession of cocaine conviction and ten years for other convictions. (Id.) Petitioner received a consolidated sentence of ten years for the February 1993 convictions, a five-year sentence for the April 1993 cocaine conviction, and a ten-year sentence for the April 1993 heroin conviction. Regarding the consolidated February 1993 sentence, that sentence was entered pursuant to a plea bargain, the state court judge made no findings of any aggravating factors, and the judge did not specify the separate sentences for each offense. Therefore, under Newbold, 791 F.3d at 461-463, there is no indication that Petitioner actually faced a sentence of ten years for any of these individual convictions under North Carolina's Fair Sentencing Act, which was in effect at the time of those convictions. This means that convictions would no longer count as serious drug offenses under the ACCA. Further, the Government appears to concede that Petitioner did not face more than ten years of imprisonment for the April 2013 cocaine conviction for which he received a sentence of only five years pursuant to a plea bargain. Although Petitioner did receive an actual sentence of ten years for his April 2013 heroin conviction, this is the only conviction listed in Paragraph 18 of the Presentence Report which could still support an Armed Career Criminal enhancement.[2]

---

[2] The Government states that Petitioner has other convictions which would still support the enhancement and which were listed in the Criminal History portion of the Presentence Report, but not Paragraph 18, which is the paragraph discussing the Armed Career Criminal enhancement. However, based on United States v. Hodge, 902 F.3d 420 (4th Cir. 2018), it does not seek to rely on those convictions to support the enhancement.

Petitioner previously filed a § 2255 Motion in case 1:06CV498 and has not received permission to file a second or successive § 2255 Motion as required by § 2255(h)(2). Therefore, the Court cannot consider his claims under § 2255. However, the Government also takes the position that Petitioner's Motion can be accepted as a Petition under 28 U.S.C. § 2241 and granted by this Court. Although federal convictions and sentences must ordinarily be challenged under § 2255, relief pursuant to § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). This occurs "when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). Here, Petitioner's sentence was legal under the law at the time it was entered, Petitioner filed a previous § 2255 Motion in case 1:06CV635, and Newbold was decided after the completion of that prior Motion. Newbold applies retroactively on collateral review, see Newbold, 791 F.3d at 460, but Petitioner cannot use it to meet the gatekeeping requirements of § 2255(h)(2) because it is circuit, not Supreme Court, case law. Finally, an erroneous sentence under the Armed Career Criminal Act is a fundamental defect which can be raised under § 2241. Id. Therefore, the Court will accept

5

the Government's concession[3], consider Petitioner's challenge to his Armed Career Criminal Enhancement under § 2241, and recommend that relief be granted as to that claim.

Petitioner's challenge to his career offender enhancement is a different matter. Under Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), a person erroneously sentenced under a mandatory version of the United States Sentencing Guidelines may raise a challenge to that enhancement under § 2241 if the requirements set out above are met. However, even if so considered, the claim still fails on its merits. A defendant is classified as a career offender under USSG § 4B1.1 if he has two or more prior convictions for either a crime of violence or a controlled substance offense. The Presentence Report in Petitioner's case listed only prior convictions for drug offenses, not crimes of violence. A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Here, Paragraph 18 of the Presentence Report lists two convictions involving possession with intent to sell and deliver cocaine or heroin and two

---

[3] The Court will also construe the Government's concession as a waiver of any waivable defenses that might otherwise apply the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (Apr. 24, 2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter."). The waiver includes waiver of any objection to the proper venue for the § 2241 petition. Venue is ordinarily proper on a § 2241 Petition in the district where the Petitioner is incarcerated, see Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011), and Petitioner was not housed in this District at the time he filed his Petition. However, the Government has not raised any objection to venue.

convictions for the actual sale and delivery of cocaine or heroin. Further, Petitioner not only faced sentences of more than a year for all of those convictions, he actually received sentences of more than a year. Therefore, he remains a career offender even after <u>Simmons</u> and <u>Newbold</u>. Any challenge to his career offender status should be denied.[4]

Finally, in his Motion to Supplement, Petitioner seeks to add an argument challenging his enhanced sentence under § 851 based on the Information of Prior Conviction. This Motion should be denied because any challenge to the Information also fails. At the time of Petitioner's conviction, § 841(b)(1)(B) applied an enhanced penalty for persons who violated the statute after a prior conviction for a "felony drug offense," which was defined in 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs." The Information in Petitioner's case listed three possible predicate convictions, two for possession with intent to sell and deliver cocaine and one for possession with intent to sell and deliver heroin, all obtained in Durham County North Carolina, on July 24, 1995.

Unlike Petitioner's previously discussed predicate convictions which fell under North Carolina's Fair Sentencing Act, the predicates listed in the Information fell under North Carolina's Structured Sentencing Act. A review of the state court judgments for the convictions listed in the Information reveals that they were all convictions for Class H felonies

---

[4] The Court notes that, as to Petitioner's conviction under § 841(b)(1)(B), Petitioner also filed a Motion [Doc. #62] seeking relief under Section 404 of the First Step Act of 2018. That Motion will be addressed in a separate Order under this Court's Internal Procedures for handling such motions.

7

Case 1:99-cr-00019-TDS   Document 81   Filed 12/13/19   Page 7 of 10

with a prior record level of IV, with nine to eleven month sentences imposed pursuant to a plea bargain. (Supplement [Doc. #58] Attach. A.) That sentence falls into both the mitigated and presumptive ranges of sentences for those types of convictions. However, case law requires the Court to consider the penalties faced by Petitioner if he had been sentenced in the presumptive range. See United States v. Valdovinos, 760 F.3d 322, 330 (4th Cir 2014) (holding that the presence of a binding plea agreement limiting the sentencing range did not alter the requirement to look to North Carolina's statutory sentencing scheme when determining whether an offense was "punishable" by more than a year in prison); United States v. Kerr, 737 F. 3d 33, 38-39 (4th Cir. 2013) (holding that the presumptive range should be used to determine the sentence faced by a defendant even where the actual sentence fell in the mitigated range). Using the table in N.C. Gen. Stat. § 15A-1340.17, the possible minimum sentences in the presumptive range for a defendant such as Petitioner ranged from 9 to 11 months. The corresponding maximum sentences ranged from 11 to 14 months. Therefore, a defendant in Petitioner's position could have been given up to 14 months of imprisonment and the challenged predicate offenses remain a felony conviction. The Information remains valid and Petitioner's Motion to Supplement should be denied.

In summary, Petitioner's claim challenging his Armed Career Criminal enhancement as to his conviction under §§ 922(g)(1) and 924(e) should be considered under § 2241 and granted based on Wheeler and the Government's concession as to that claim. The Government's Motion to Dismiss should be considered withdrawn as to that claim. However, the Government's Motion to Dismiss should be granted as to Petitioner's challenge to his career offender status. Similarly, Petitioner's attempt to add a claim challenging his § 851

8

enhancement as to that conviction should be denied. The only remaining matter is the appropriate remedy for the claim that should be granted.

Petitioner has now served beyond the ten-year maximum statutory term allowable for the conviction in Count Two under § 922(g)(1) absent the Armed Career Criminal enhancement. He also faces a term of five years of supervised release that will exceed the three-year maximum applicable absent the enhancement. As noted above, Petitioner is also serving a concurrent sentence for Count One that would not be affected. The Government asks that the Court simply enter a corrected judgment reducing Petitioner's sentence for Count Two to the 120 months of imprisonment and three years of supervised release, running concurrently to the unchanged sentence in Count One. Petitioner, on the other hand, seeks a full resentencing as to both counts. Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under § 2255, including the option of entering a corrected judgment or conducting a full resentencing. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). Under Hadden, the Court has discretion to enter a corrected judgment if the District Judge is "satisfied with the resulting sentence," or to set this matter for resentencing to address any remaining sentencing issues. Hadden, 475 F.3d at 669. Therefore, in the present case, the Court could enter a corrected judgment reducing Petitioner's sentence on Count Two for his conviction under § 922(g)(1) to the statutory maximum of 120 months imprisonment and three years of supervised release and otherwise leaving the original judgment unchanged, or could set the matter for a full resentencing. Petitioner, through counsel, requests a full resentencing, but provides no real basis for that request other than the fact that the Sentencing Guidelines are now advisory, rather than mandatory. However, this

9

fact does not entitle petitioners to relief. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005). In the circumstances, the Court will recommend a corrected judgment rather than a full resentencing in this matter, if the District Judge is satisfied with the resulting sentence.

IT IS THEREFORE ORDERED that Petitioner's Application [Doc. #39] requesting to proceed *in forma pauperis* is denied as unnecessary and that his Motion [Doc. #40] seeking an appointment of counsel is denied for being moot.

IT IS RECOMMENDED that 1) the stay in this case be lifted, 2) Petitioner's Motion to Supplement [Doc. #51] be denied, 3) Respondent's Motion to Dismiss [Doc. #43] be deemed withdrawn as to Petitioner's challenge to his Armed Career Criminal enhancement and granted as to his challenge to his career offender enhancement, 4) Petitioner's Motion [Doc. #38] to vacate, set aside, or correct sentence be considered as a Petition under § 2241, granted as to his challenge to his Armed Career Criminal enhancement, and denied as to his challenge to his career offender enhancement, and 5) a corrected judgment be entered reducing Petitioner's sentence for his conviction under § 922(g)(1) (Count Two) to 120 months of imprisonment and three years of supervised release if the District Judge is satisfied with the resulting sentence, running concurrently to the sentence in Count One that would remain unchanged.

This, the 13th day of December, 2019.

       /s/ Joi Elizabeth Peake
United States Magistrate Judge