IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WILLIAM BURCH, JR.,                )
                                   )
        Petitioner,                )
                                   )      1:12CV691
        v.                         )      1:99CR19-1
                                   )
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        Respondent.                )

**ORDER**

On December 13, 2019, the United States Magistrate Judge's Recommendation was filed and notice was served on Petitioner pursuant to 28 U.S.C. § 636. (Doc. 81, 82.) Petitioner filed objections (Doc. 83) to the Recommendation within the time limit prescribed by Section 636.

The court has reviewed Petitioner's objections *de novo* and finds they do not change the substance of the United States Magistrate Judge's Recommendation (Doc. 81), which is affirmed and adopted.[1]

---

[1] The court notes that the references on page 4 of the Recommendation to an "April 2013 cocaine conviction" and "April 2013 heroin conviction" reflect typographical errors as to the year, and should be corrected to "April 1993 cocaine conviction" and "April 1993 heroin conviction," consistent with the remainder of the discussion and explanation. Moreover, Petitioner's challenge to his career offender status under United States v. Davis, 720 F.3d 215 (4th Cir. 2013), fails. Davis is not retroactively applicable on collateral review. See Lee v. United States, No. 7:11-cv-177, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013) ("Davis announced a purely procedural rule that is not retroactive on collateral review."), aff'd (4th Cir. Sept. 29, 2014). In addition, even accounting for the consolidated judgment for the drug offenses

IT IS THEREFORE ORDERED that 1) the stay in this case is LIFTED, 2) Petitioner's Motion to Supplement (Doc. 51) is DENIED, 3) Respondent's Motion to Dismiss (Doc. 43) is deemed withdrawn as to Petitioner's challenge to his Armed Career Criminal enhancement and GRANTED as to his challenge to his career offender enhancement, 4) Petitioner's Motion (Doc. 38) to vacate, set aside, or correct sentence is considered as a Petition under § 2241, GRANTED as to his challenge to his Armed Career Criminal enhancement, and DENIED as to his challenge to his career offender enhancement, and 5) a corrected judgment will be entered reducing Petitioner's sentence for his conviction under § 922(g)(1) (Count Two) to 120 months of imprisonment and three years of supervised release, running concurrently with the sentence in Count One, which remains unchanged.[2]

Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

---

entered on February 11, 1993 (Doc. 77 ¶ 39), Petitioner has a separate set of convictions for qualifying drug offenses entered on April 1, 1993 (id. ¶ 40). Thus, his objection fails factually.

[2] To the extent Petitioner has raised a separate motion as to Count One seeking relief pursuant to the Fair Sentencing Act, that request will be addressed by separate Order.

/s/   Thomas D. Schroeder
                                       United States District Judge

February 27, 2020